UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY WILBURN,<br>Plaintiff,<br>v.<br>SOCIAL SECURITY ADMINISTRATION, et al.,<br>Defendants. | Case No. 2:26-cv-02564-CSK (PS)<br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE AND DENYING PLAINTIFF'S MISCELLANEOUS MOTION<br>(ECF Nos. 2, 3) |

Plaintiff Kimberly Wilburn is proceeding in this action pro se.[1] Plaintiff has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's IFP application will be denied without prejudice because Plaintiff's IFP affidavit is incomplete. Plaintiff has also filed a "Motion & Objection for Unlimited Civil, Demand for Over 25,000 and for Sanctions" (ECF No. 3), which the Court addresses below.

## I. LEGAL STANDARDS

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To qualify to proceed in forma pauperis, the litigant must submit an affidavit that includes a statement of all assets they possess. 28 U.S.C. § 1915(a)(1). The affidavit must also state that the person is unable to pay the fees or give security. *Id*. The affidavit must provide "sufficient details concerning [the applicant's] income, assets, and expenditures[.]" *Williams v. County of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an affidavit claiming poverty in support of a motion made under 28 U.S.C. § 1915 must state the relevant facts "with some particularity, definiteness, and certainty")).

## II. DISCUSSION

### A. Motion to Proceed in Forma Pauperis

Plaintiff's IFP application does not contain an affidavit that satisfies the requirements under 28 U.S.C. § 1915. Plaintiff's affidavit fails to establish that she is entitled to prosecute this case without paying the required fees. Plaintiff has not stated whether or how much she receives in gross pay or take-home pay or wages. (ECF No. 2 at 1 ¶ 2.) Plaintiff fails to disclose whether she receives other income from "Business, profession, or other self-employment," "Rent payments, interests, or dividends," or "Pension, annuity, or life insurance payments." *Id.* at 1 ¶¶ 3(a)-(c). Plaintiff states she received income in the past 12 months from "Disability, or worker's compensation payments" but does not provide the amount she receives from this source. *Id.* at 1 ¶ 3(d). Plaintiff does not disclose whether she received other income from "Gifts, or inheritances" but writes "stolen" next to this category. *Id.* at 1 ¶ 3(e). Although Plaintiff indicates she has money from "SSA Back Pay," she does not state the amount. *Id.* at 2 ¶ 4. Further, Plaintiff states she owns a vehicle, that is, a "BMW X3 2004," and indicates she may own "EE-bonds" and artwork, but Plaintiff does not indicate the approximate value of these properties. *Id.* at 2 ¶ 5.

Because of these omissions, Plaintiff's IFP application is deficient. The Court will provide Plaintiff an opportunity to file an amended IFP application. Accordingly, the Court DENIES without prejudice Plaintiff's application to proceed IFP due to her failure to meet her burden based on her deficient affidavit. *See Williams*, 443 F. App'x at 233.

**B. Plaintiff's Miscellaneous Motion**

On July 24, 2026, Plaintiff filed a one-page "Motion & Objection for Unlimited Civil, Demand for Over 25,000 and for Sanctions." (ECF No. 3.) Federal Rule of Civil Procedure 7(b)(1) requires that all motions must "state with particularity the grounds for seeking [a court] order; and [ ] state the relief sought." Plaintiff's motion lists seven apparent causes of action but does not state what relief Plaintiff's motion seeks, why Plaintiff should be entitled to that relief, or what Plaintiff is objecting to. Accordingly, Plaintiff's motion (ECF No. 3) is DENIED. Plaintiff is cautioned to carefully review the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of California,[2] and Judge Kim's Civil Standing Orders.[3] Pro se litigants are expected to know and comply with the rules of civil procedure. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Plaintiff is further cautioned against filing meritless motions for sanctions.

**III. CONCLUSION**

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice;

2. Plaintiff may file her renewed IFP application within thirty (30) days from

---

[2] The Local Rules of the United States District Court for the Eastern District of California are available on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

[3] Judge Kim's Civil Standing Orders are available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/.

the date of this order. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute; and

3. Plaintiff's "Motion & Objection" (ECF No. 3) is DENIED.

Dated: November 9, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, wilb.2564.26